IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANK E. JARABA MIRANDA<br><br>      Plaintiffs<br><br>v.<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY; FLORIDA POWER AND LIGHT COMPANY; COMPANY A, B,; SUBCONTRACTOR C, D, ; X Y INSURANCE COMPANIES<br><br>      Defendants | CIVIL NO.<br><br><br><br>Plaintiff demands Trial by Jury |

**COMPLAINT**

**TO THE HONORABLE COURT:**

   **COME NOW** the plaintiff FRANK E. JARABA MIRANDA and before this Honorable Court respectfully states, alleges and prays:

### I.  THE PARTIES

1. Plaintiff Frank E. Jaraba Miranda, (" JARABA ") is of legal age, single and domiciled in the State of New York.

2. Defendant, PUERTO RICO ELECTRIC POWER AUTHORITY, (" PREPA ") is a Puerto Rico public utility corporation, with capacity to sue and be sued that as of the date of the accident was the main entity responsible for the generation and distribution of electric power in the Commonwealth of Puerto Rico.

3. In particular, PREPA is the owner of the electric utility pole identified as TAPP PREPA 08- 2005 35FT C.3 52 68 FTK 420 LB AOC64351, located at the time of the accident described in

   this complaint at Bucarabones Ward, Gardenia Street, Toa Alta, Puerto Rico and of the electrical cables attached to said pole.

4. By information and believe, Florida Power and Light Company ("FPL") is a company existing and organized by the Laws of the State of Florida, with principal offices located at 700 Universe Boulevard, Juno Beach, Florida.

5. Co Defendants, A and B CORPORATION, upon information and belief, are the fictitious names used to denominate other companies that, together with the above-named defendants, may also be jointly responsible to the plaintiff for the accident as described in the present complaint. Once their identity is made known by the defendants, they may be included in the present complaint as additional defendants.

6. Co Defendants Subcontractor C and D, upon information and belief, are the fictitious names used to denominate other companies that together with the rest of the defendants mentioned in this complaint may also be responsible to the plaintiff for the damages suffered.

7. X and Y, upon information and belief, are the fictitious names used to denominate insurance companies that had issued liability policies in favor of one or more of the defendants, to cover their liability for the actions mentioned in this complaint. Once they are properly identified, the complaint

2

      may be amended in order to substitute the fictitious defendants with the names of the proper insurance companies

## II.     JURISDICTION

8. This Honorable Court has subject matter jurisdiction to entertain the instant case pursuant to *28 U.S.C. section 1332* because this is a case or controversy between citizens of different states and the amount in controversy is in excess of seventy five thousand dollars ($75,000.00), exclusive of interest and costs.

## III.     TOLLING OF THE STATUE OF LIMITATIONS

9. The accident that gives rise to the present complaint occurred on April 2, 2020, in Toa Alta, Puerto Rico. Pursuant to Articles *1802* and *1803* of the Civil Code of Puerto Rico, *31 L.P.R.A. § 5141* and § 5142, and Article 1868 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5298, at the time of filing the present complaint, the statute of limitations of one (1) year has not elapsed.

## IV.     THE FACTS, LIABILITY AND THE DAMAGES

10. As a result of Hurricanes Irma and Maria, over 3.5 Million households were left without electricity in Puerto Rico since the Puerto Rico electrical system and all of its components suffered catastrophic damages.

JARABA V. PREPA , Et al.,
COMPLAINT

11. Since damages were catastrophic, and in order to rebuild and repair the entire Puerto Rico electrical system that suffered damages, PREPA eventually decided to seek assistance from at least seven Incident Management teams, and a number of utility companies, contractors and subcontractors.

12. Co-defendant FPL was one of the entities contracted to provide restoration services as per a contract, and was assigned the Region of Bayamon, the area were the electricity pole mentioned in this complaint was located.

13. FPL began to transport vehicles, electrical equipment, supplies and personnel to work on the assigned Bayamon region, rotating electrical workers, to include line crews in order to oversee the restoration and/or repair of the assigned region for the period of the contract and as per the terms of said contract and in accordance with the applicable electrical code.

14. With regard to the pole in question, PREPA, FPL and/or its companies and subcontractors provided service to reposition the electrical cables knocked by the Hurricanes in the pole, and replace missing components, yet they failed to reposition the electrical cables in the same manner as they were prior to the passing of the hurricanes, to include failing to install ceramic insulators and other components, and leaving exposed sections of the high voltage electrical cables

without insulator protection dangerously close to the pole in question.

15. With regard to the work performed in the electrical high voltage cables and the repairs, defendants were lax in supervising and ensuring that all repairs were properly carried out, to comply with electrical standards, code and in accordance with the service contract and/or industry standards.

16. On April 2d, 2020 Mr. Jaraba was installing as part as his work related duties for a subcontractor, internet cables for CLARO, the main Puerto Rico Telephone and Internet service provider in the pole mentioned in this complaint.

17. Mr. Jaraba had ascended the pole in question, and while performing the installation that he was contracted for, inadvertently he made contact with his left hand with the unprotected section of the high voltage electrical cable wires located next to the pole described in this complaint.

18. Upon contact, Mr. Jaraba suffered a high voltage electrical discharge that left him unconscious on the pole and with severe injuries and burns in various parts of his body to include the left hand, wrist and arm, burns on this entire back and extensive damage to his right leg and triceps.

19. He was taking by ambulance to a Bayamon Hospital and that same day to Puerto Rico's Industrial Hospital, were he

      remained hospitalized for more than six months until October 8, 2020.

20. As a result of the accident, Mr. Jaraba suffered catastrophic injuries, to include burns in over 21 percent of his body, scaring, debilitating injuries to his left hand, wrist and arm and to his right leg.

21. As a result of the accident Mr. Jaraba has permanent injuries and permanent impairments, to include disfigurement and scars in various parts of his body. He had to endure an extensive painful and prolonged recovery period.

22. He no longer enjoys various activities and pleasures of life that he was able to enjoy prior to the accident.

23. His quality of life has diminished.

24. He has difficulty sleeping and conducting work related duties, that have limited his ability to generate income.

25. The accident would not have happened if not for the combined negligence of all the defendants and their employees.

26. Defendants created the dangerous condition were the accident happened and/or failed to correct the dangerous condition present prior to the accident, by failing to carry out a safe and complete repair as per code, industry standards and contract.

27. Defendants were lax and careless in making repairs to the pole and the electrical cables mentioned in this complaint,

JARABA V. PREPA , Et al.,
COMPLAINT

leaving a dangerous section of cables without insulation protection and were also careless in ensuring and in supervising that all repairs were carried out in accordance with the electrical code, industry standars and contract.

28. Defendants were lax in allowing the dangerous, exposed section of the high voltage electrical cable to remain unprotected and did not inspect the repairs carried out to ensure that dangerous conditions were eliminated, such as the exposed section of the electrical high voltage wires and that proper equipment was installed as it existed prior to the hurricane Maria as per the services contract and the electrical code.

29. Defendants and their employees should have foreseen that leaving exposed high density electrical cables near an electrical pole, without the installation of proper ceramic insulators, and/or without covering exposed wires, created a dangerous condition that could cause an accident like the one suffered by Mr. Jaraba.

30. Defendants and their employees failed to inspect, maintain, supervise, repair, inspect and detect, remove the dangerous condition that the exposed section of the high voltage wires represented and that caused the life changing, catastrophic damages suffered by Mr. Jaraba.

31. Defendants and their employees failed to properly maintain

7

the area where the accident occurred. Defendants were lax and careless in providing the repairs and the maintenance to the accident area, and should have known that improper and incomplete repairs, lack of installation of equipment and poor maintenance actions could cause an accident like the one suffered by Mr. Jaraba, yet, they failed to act.

32. All the defendants are the only parties responsible for the proper upkeep, maintenance and inspection of electrical cables, and the repairs required according to code. Their lax attitude, careless repairs, lack of detection and their lack of remedial actions, allowed a dangerous condition to be present that caused the damages suffered by Mr. Jaraba.

33. Pursuant to Puerto Rico law, all defendants are jointly liable for the accident and the payment of all damages suffered by Mr. Jaraba.

34. As a result of the accident Mr. Jaraba had to endure a very prolonged and painful recovery period. He now has permanent injuries. He no longer enjoys various activities and pleasures of life. The defendants are responsible for the occurrence of the accident suffered by Mr. Jaraba and its terrible and life changing consequences.

35. As a result of the accident Plaintiffs have had to incur and are still incurring in unwanted expenses reasonably estimated in excess of $10,000.00, a sum that the defendants owe the

   plaintiffs.

36. Because of the injuries sustained in the accident, Mr. Jaraba has a permanent disability, he still suffers from pain and discomfort and is in constant pain. He suffers from mental anguish.

37. The value of Mr. Jaraba's severe and permanent physical injuries and his pain and suffering and mental anguish due to the combined negligence of the defendants is estimated in excess of **ONE MILLION FIVE HUNDRED AND FIFTY THOUSAND DOLLARS ($1,550,000.00)**, a sum that the defendants owe the plaintiff.

38. Pursuant to Puerto Rico Law, and in particular, Article 20.010 of the Insurance Code of Puerto Rico, 26 L.P.R.A. § 2001, all Insurance Companies that have issued liability insurance coverage to one or more of the defendants are jointly and/or severally liable for the accident and the payment of all damages suffered by the plaintiffs.

39. As a result of the accident Mr. Jaraba has present and future economic damages reasonably estimated in a sum in excess of **FIVE HUNDRED THOUSAND DOLLARS ($500,000)**, a sum also owed by the defendants to Mr. Jaraba.

40. Plaintiff demands trial by jury.

   **WHEREFORE**, Plaintiff prays that this action be tried by a jury and after trial, that judgment be entered against the defendants in amounts not less than as specified in this complaint,

with the imposition of costs and reasonable attorney fees in favor of the Plaintiff.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 1st day of April, 2021.

**Rivera-Aspinall, Garriga & Fernandini, PSC**
Attorneys for Plaintiffs
1647 Adams St., Summit Hills
San Juan, Puerto Rico   00920
Tel. (787) 792-8644
Fax (787) 792-6475
Cell (787) 360 0094
E-Mail:  aspinall@ragflaw.com


*S/Julián R. Rivera-Aspinall*
Julián R. Rivera-Aspinall, Esq.
**USDC/PR 208506**

*S/Eduardo R. Jenks*
Eduardo R. Jenks
USDC PR# 300110
Attorney for Plaintiff
**JENKS CARBALLEIRA LAW OFFICE**
PMB 565
1353 Luís Vigoreaux Ave.
Guaynabo, PR 00966
Tel. (787)439-3980
Email: edjenks@yahoo.com